## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLIFFORD C. ROBERTS, # R24748,   )
                                        )
             Plaintiff,       )
    vs.                     )       Case No. 3:23-cv-02652-GCS
                                          )
JACOB E. WILLIAMS,       )
C/O EDWARDS,             )
C/O DULANEY, and        )
SGT. ROYSTER,           )
                                        )
         Defendants.    )

### MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Clifford Roberts is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center. He brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He claims Defendants subjected him to excessive force and seeks monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims.[1] *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez*

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 5), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

*v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

On January 12, 2022, at about 11:00 a.m., Defendants Edwards, Dulaney, and Williams came to Plaintiff's cell (#211) and asked him if he had a black food tray. (Doc. 1, p. 6). Before Plaintiff could answer, Dulaney smashed Plaintiff's right hand in the cell door's chuck hole. Edwards started beating Plaintiff's hand, cutting open his middle finger and wrist. Plaintiff kept repeating, "I don't have a hard tray," as they continued to beat his hand trapped in the chuck hole. Edwards rammed the chuck hole slide on Plaintiff's hand and hit Plaintiff's hand with his handcuffs while Dulaney held it. Plaintiff told them he didn't have a black tray; he gets a "diet tray." Williams then began hitting Plaintiff's hand, asking, "[a]re you going to give up the black tray?" Plaintiff was able to yank his hand away from Dulaney when Edwards pulled back the chuck hole door to smash him again. Plaintiff repeated that he did not get a hard tray; rather, he gets a diet tray. Edwards told Plaintiff "I know how to get away with things," and he threatened to feed Plaintiff's eyes and body to his pigs. Before the officers left, Edwards instructed Williams to put Plaintiff's cell on the list for having a black tray. (Doc. 1, p. 6).

Edwards returned around 12:30 p.m. with Sgt. Royster and another officer. Royster asked Plaintiff if he was going to give up the tray. Edwards said, "[h]e's not going to give up the tray, forget him," and he threatened plaintiff again. (Doc. 1, p. 6).

Around 2:00 p.m. that day, Royster and the tactical team came to take the inmate out of cell #210, which was next to Plaintiff. For no reason, Royster sprayed Plaintiff with mace through his chuck hole and ordered him to cuff up when the tact team comes.

Plaintiff continued to protest that he did not have a hard tray, but he was ignored. A half hour later, the tactical team ordered Plaintiff to cuff up. As Plaintiff walked to his cell door to comply, Royster said, "[d]on't cuff him up, spray him." The tactical team came into Plaintiff's cell and dragged him to the ground by his hair. Plaintiff believes the incident was captured on video from the front of 2 gallery.

DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1:      Eighth Amendment excessive force claim against Edwards, Dulaney, and Williams for beating Plaintiff and against Royster for spraying Plaintiff with mace on January 12, 2022.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

**Count 1**

Plaintiff states sufficient facts for his excessive force claim against all Defendants to proceed for further review. An intentional use of excessive force against a prisoner without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *Wilkins*

---

[2]      *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

*v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), abrogated on other grounds by *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

### DISPOSITION

The Complaint states a colorable claim in Count 1 against Williams, Edwards, Dulaney, and Royster.

The Clerk shall prepare for Jacob E. Williams, C/O Edwards, C/O Dulaney, and Sgt. Royster: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 **days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:   December 7, 2023.**

Digitally signed by
Judge Sison
Date: 2023.12.07
14:46:25 -06'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.