UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLIFFORD C. ROBERTS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-02652-GCS |
| | ) |
| **JACOB E. WILLIAMS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Clifford C. Roberts, an inmate of the Illinois Department of Corrections who is currently incarcerated at Stateville Correctional Center ("Stateville"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. On December 7, 2023, the Court completed its preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 10). Plaintiff was permitted to proceed on one Eighth Amendment excessive force claim against Defendants Edwards, Dulaney, and Williams for beating Plaintiff and against Defendant Royster for spraying Plaintiff with mace on January 12, 2022. *Id.* at p. 3-4.

Now before the Court is Plaintiff's motion for temporary restraining order filed on January 31, 2025. (Doc. 40). Specifically, Plaintiff alleges that he has experienced ongoing harassment in retaliation for filing this suit and has been sent to segregation for disciplinary tickets such that he "do[es] not feel safe filing more 42 U.S.C. [§] 1983 claims

Page **1** of **4**

here." *Id.* at p. 1. He further alleges that he has not received appropriate medical attention for his spinal cord, right wrist, middle finger, back, migraines, fluid in his face, and for dental issues. *Id.* at p. 1-2.[1] He seeks an order enjoining Defendants Dulaney and Royster and non-party individuals "CAO Anthony Wills, Counselor Tim Weaver, C/O Garcia #16089, MSN, RN, HCUA; Angela Crain, C/O John Doe, C/O Kulich, and (BHT) Paige Sagler . . . from physical contact, handling person[al] property, strip searches, es[c]orts, handling paperwork dealing with mental health, handling paperwork dealing with transfer[], working cell house where I'm being housed, working gallery where I'm being housed, es[c]orted for medical passes, medical check-ups, medical sick call passes, and from placing [i]ncompat[i]ble inmates in cell with me." *Id.* at p. 4, 6.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *See Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

---

[1] No hearing on the motion is necessary because it is apparent from the face of Plaintiff's motion that he is not entitled to the relief requested in this matter.

Regarding the first element, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act ("PLRA") provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Here, Plaintiff, in his motion, raises allegations that occurred after Plaintiff filed the instant lawsuit and seeks relief, in part, from non-parties. The claims in Plaintiff's motion are separate and distinct from the claims in this case. "[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, Case No. 19-cv-00394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison County Jail*, Case No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr*, No. 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.D.C. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation"). The main purpose of a preliminary

injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). It is not meant to be used as a vehicle to air new allegations and claims.

Further, to demonstrate entitlement to preliminary relief, Plaintiff would need to establish that irreparable harm will result if injunctive relief does not issue. Because he does not allege harm specific to the allegations in *this case*, Plaintiff has failed to establish entitlement to preliminary relief, and the undersigned need not address permanent relief. Lastly, to the extent that the allegations contained in the motion relate to new incidents not currently being pursued in any action in this Court, Plaintiff should file a new action stating those claims and file a motion for injunctive relief in that new action.

For the above-stated reasons, Plaintiff's motion for temporary restraining order (Doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 10, 2025.**

Digitally signed by Judge Sison
Date: 2025.04.10 10:26:19 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**